Defendant-appellant, William Cook, a stock boy employed by Steinberg's, Inc., an appliance store in Wilmington, was charged with public indecency. The complaint alleged that appellant "expose[d] his private parts or engage[d] in masturbation" in violation of the Wilmington Ordinance relating to such public conduct. Following a bench trial, he was adjudged guilty and sentenced accordingly.
Appellant assigns the following errors:
Assignment of Error No. 1:
 THE TRIAL COURT ERRED TO THE PREJUDICE [OF] DEFENDANT/APPELLANT WHEN IT PERMITTED TESTIMONY OF TWO WITNESSES WHICH WAS HEARSAY, PURPORTEDLY THE "EXCITED UTTERANCES" OF A THREE-YEAR-OLD GIRL. THE CHILD NEVER APPEARED, WAS NOT EXAMINED FOR COMPETENCY, AND WAS UNAVAILABLE FOR CROSS-EXAMINATION.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT/APPELLANT IN ENTERING JUDGMENT OF CONVICTION. THE CONVICTION BEING CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE.
Sidney, age three, was with her mother and paternal grandmother, who were shopping for appliances at Steinberg's and talking to a salesman. According to the testimony, appellant beckoned for Sidney to come to where he was located in the store and then exposed his genitals to Sidney. Sidney immediately went to her mother, who quoted her as saying, "that man took his pants down — he showed [me] his thing." Appellant disappeared from sight and Sidney could not identify him at the time except to describe his clothing.
Sidney and her mother went home. When Sidney's father arrived from work, he was told what happened and Sidney and her parents went back to the store. Without being questioned, Sidney identified appellant, who was in the store at the time.
On the same day, Mark Deakes, another Steinberg's employee, reported to the store manager that he walked up to appellant from the rear and side and observed appellant fondling his penis. Deakes testified that appellant's "zipper [was] undone" and he was standing in the aisle "with his dick in his hand." He earlier referred to the word "dick" as being appellant's penis. Deakes said that at the time he saw appellant fondling himself, he also saw two ladies and a little girl in an aisle around a corner talking with another salesman. Deakes said he just walked away from appellant.
Sidney did not testify, but her mother and grandmother were permitted to testify as to what Sidney said under the excited utterance exception to the hearsay rule, Evid.R. 803(2). Sidney's mother also testified concerning Sidney's later identification of appellant.
While appellant's first assignment of error refers to several issues, its main thrust appears to be that the testimony of the mother and grandmother was hearsay and the child's remarks were not excited utterances. Appellant further argues that Sidney "never appeared, was not examined for competency, and was unavailable for cross-examination."
The analysis starts with Evid.R. 802, under which hearsay[1]
is inadmissible. When the mother and grandmother each testified as to what Sidney said, they did so to prove the truth of the matter asserted, which brings this testimony squarely within the hearsay definition. However, one of the several exceptions to this rule of inadmissibility is where the statement is an "excited utterance" under Evid.R. 803(2).[2]
When appellant exposed himself to Sidney, it startled her, as demonstrated by her appearance and emotional condition shortly after the occurrence described by her mother and grandmother. Her quoted statement, "that man took his pants down — he showed [me] his thing," is exactly the kind of spontaneous and excited utterance one would expect to hear from a three-year-old girl who was subjected to such conduct by appellant. The question of whether the statement by Sidney was made while she was still under the influence of the event to the extent it could not be the result of fabrication was resolved by the trial judge in favor of the excited utterance exception.
The trial judge, in determining whether the declaration was admissible, necessarily had to decide certain questions of fact. If his decision on those questions of fact, as reflected by the ruling on admissibility of statements by Sidney, was a reasonable decision, we as an appellate court should not disturb it. State v. Taylor (1993), 66 Ohio St.3d 295, 304-305.
The factual basis presented to the trial court related to "excited utterances" included descriptions of Sidney as crying quietly, clinging to her mother, repeatedly saying, "the man took his pants down — he showed [me] his thing," then folding her arms, holding her head down, and refusing to speak. When Sidney later identified appellant, she was described as "real frantic" and pointing her finger at appellant saying, "Mommy, there he is," without any prompting.
Ohio has liberalized the requirements for the excited utterance exception when applied to young children who are the victims of sexual assault based upon the recognition of their limited reflective[3] powers. Id. The crucial question in this case is whether the utterances were made while Sidney was still under the influence of the sexual assault to the extent that what she said could not be fabrication. State v. Wallace (1988),37 Ohio St.3d 87, 92.
Sidney's immediate utterance, "the man took his pants down — he showed (me) his thing," was contemporaneous with the sexual assault and the trial court's decision that Sidney was still under the influence of the sexual assault and made the utterance without fabrication was reasonable under these circumstances.
The analysis is substantially the same concerning the identification utterance which occurred at a later time on the same day. Ohio has upheld the admission of statements, even when made after a substantial lapse of time, recognizing that children are likely to remain in a state of nervous excitement longer than would an adult. See, e.g., State v. Fox (1990), 66 Ohio App.3d 481
(four-year-old child who made excited utterance one day after event was still under the stress of nervous excitement from the event).
Considering the surprise of the assault, its shocking nature, and Sidney's age, it was reasonable for the trial court to find Sidney was still influenced by the sexual assault when she identified appellant, the lapse of time notwithstanding. State v. Boston (1989), 46 Ohio St.3d 108, 118. This was the first opportunity Sidney had to identify appellant to her mother. Her statement "Mommy, there he is" was not in response to any question and she was described as "real frantic" when she made it.
We come now to the issues of "The child never appeared, was not examined for competency, and was unavailable for cross-examination."
United States v. Inadi (1986), 475 U.S. 387, 106 S.Ct. 1121, rejecting a confrontation clause challenge to the admission of a co-conspirator's statement, foreclosed any rule requiring that, as a necessary antecedent to the introduction of hearsay testimony, the prosecutor must either produce the declarant at trial or show that the declarant is unavailable. Likewise, the availability of the declarant is immaterial when invoking the excited utterance exception of Evid.R. 803(2). Further, the testimonial incompetence of a child does not bar the admission of the child's declarations as excited utterances. State v. Wallace,37 Ohio St.3d at 93.
Based on the record in this case and the applicable law, we determine that the trial court was correct and reasonable in admitting the disputed evidence. The first assignment of error is overruled.
Appellant's second assignment of error claims that the judgment of conviction is against the manifest weight of the evidence. The standard of review for a criminal bench trial, as set forth in State v. Eskridge (1988), 38 Ohio St.3d 56, 59, is that "where there is substantial evidence (in the record) upon which the court could reasonably conclude that all the elements of an offense have been proven beyond a reasonable doubt," a reviewing court will not reverse a conviction.
The complaint in this case alleges in the disjunctive that appellant did "expose his private parts or engage in masturbation." The testimony about the excited utterances by Sidney and the observations of Mark Deakes comprise substantial evidence, in our view, from which the trial court could have reasonably concluded that all the elements of the offense were proven beyond a reasonable doubt, regardless of whether the clause "expose his private parts," or the clause "engage in masturbation," is relied upon to state the offense charged. We therefore overrule the second assignment of error.
Judgment affirmed.
YOUNG, P.J., and KOEHLER, J., concur.
[1] Hearsay is defined as "a statement, other than one made by the declarant while testifying at the trial * * * offered in evidence to prove the truth of the matter asserted." Evid.R. 801(C).
[2] "Excited utterance" means a statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition.
[3] It is worthy of note that one of the elements of the exception is, in part, that the declaration or utterance be "spontaneous and unreflective." Id.